DAVID PINGREE *versus* CHARLES H. SNELL.

Where an offer to be defaulted is made at the first term and accepted at a
subsequent term, the plaintiff is entitled to costs up to the time of the
default.

If, after the defendant is defaulted, he reserves the right to a subsequent
hearing as to damages or costs, the plaintiff may recover costs until final
judgment.

ON EXCEPTIONS from the ruling of APPLETON, J. ·

THIS is the same case reported in 42 Maine Reports, 53.
After the opinion there reported was delivered, a special
judgment was rendered in July, 1858, upon the docket of
April term, 1858.

The action was entered October term, 1855, on the first
day of which term the defendant filed an offer to be defaulted
for a sum stated. The action was continued from term to
term, and, at April term, 1856, the plaintiff accepted the
defendant's offer, and a default was entered for the sum
offered. Costs were allowed to the plaintiff until the default;
to which the defendant excepted, and, in May, 1858, the Court
affirmed the award of costs to the plaintiff, except for witness'
fees.

The plaintiff then claimed costs from the default up to final
judgment, and the Court allowed the claim. The defendant
claimed costs from the time the offer was made, and the
Court disallowed it. The defendant excepted.

*A. W. Paine*, in support of the exceptions, argued at length
that an offer to be defaulted is analogous to a tender, and
that, from the time of making the offer, it having been after-
wards accepted, the defendant is the prevailing party, and
therefore entitled to costs. *Fogg* v. *Hill*, 21 Maine, 529;
*Boynton* v. *Frye*, 33 Maine, 216, 220; *Gowdy* v. *Farrow*, 39
Maine, 474; *Call* v. *Lothrop*, 39 Maine, 434; *Mudgett* v.
*Emery*, 38 Maine, 255. After default, the defendant is out of
Court, and has no day or place therein. If he has any right
to be heard at all, it is only by the rules of Court, and not

under the statute.  Hence, no costs should be awarded against him for proceedings after default.

*Rowe & Bartlett*, for the plaintiff.

The opinion of the Court was drawn up by

CUTTING, J.—It was decided in the case between these same parties, (42 Maine, 53,) that, under the R. S., c. 115, § 22, an offer to be defaulted for a specific sum, filed at the first and accepted at the second term, and before proceeding to trial, did not entitle the defendant to his costs accruing after such offer; and by a subsequent decision (not reported) that the plaintiff could recover his costs up to the time of the default.  As to the correctness of those decisions we entertain no doubt.

It is now contended that, in the revision of the statutes in 1857, and before judgment on the default, the former law, existing at the time of the previous decisions, has been materially changed, and that costs are taxable by the law in force at the rendition of judgment; and we are referred to c. 82, § 21.  But the repealing Act of the prior statutes fully reserves and protects the parties' rights in this particular.

But it is further contended that, at all events, costs should not be allowed after the default, because, says the counsel, the defendant is then out of Court, and consequently has no further control of the action.  This conclusion is not always correct, for, after a default, the defendant has a right in certain cases to be heard before the Court or jury in damages, and much time may elapse and expenses accrue by such intervention; and so long as questions are pending in relation to the amount of damages or costs before the Court, especially on exceptions, it becomes necessary to retain the action upon the docket, to save, perhaps, an attachment or a seasonable record; and we perceive no reason why one party, under such circumstances, should thus delay the other with impunity.

*Exceptions overruled.*

TENNEY, C. J., and APPLETON, MAY, DAVIS, and KENT, J. J., concurred.